UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action 17-115-HRW

MARJORIE MAYNARD, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

THREE RIVERS MEDICAL CLINICS, INC., DEFENDANT.

This matter is before the Court upon Defendant Three Rivers Medical Clinic, Inc.'s Motion to Dismiss [Docket No. 7]. The matter has been fully briefed by the parties [Docket Nos. 7-1, 8 and 12]. For the reasons stated herein, the Court finds that Plaintiff has plead a claim upon which relief can be granted and, therefore, Defendant's motion will be overruled.

**I.**

This cases arises from Plaintiff's employment, and subsequent termination, by Three Rivers Medical Clinics, Inc. ("TRMC"). In her Complaint, Plaintiff alleges that her employment was terminated on October 21, 2015 in violation of "Title VII of the Civil Rights Act of 1964, 42 U.S. 1983 and KRS 344." [Complaint, Docket No. 1-1, ¶¶ 3 and 4]. She further states that prior to filing this lawsuit, she filed a charge of age discrimination with the Equal Employment Opportunity Commission, a copy of which is attached to her Complaint. *Id.* at ¶ 4.

In the Charge of Discrimination, Plaintiff states:

> I am 56 year old. In August 2015, Glenna Crum (over 60 years of age), Office Manager, requested me to resign. In October 2015, Dr. Melissa Fletcher gave me verbal permission to administer a medical procedure. On October 21, 2015, I was terminated from

> my position which I believe was due to my age rather than any
> legitimate reason and not given the opportunity for progressive
> discipline. Other younger employees were not discharged for the
> same reasons which are common practices. II. Management is
> responsible for the above actions. III. I believe I have been
> discriminated against because of my age, in violation of the Age
> Discrimination in Employment Act of 1967, as amended.

*Id.* at Exhibit 2.

In July of 2017, the EEOC closed its investigation without finding any violation of law and issued a Notice of Dismissal and Right to Sue, which are attached to the Complaint. *Id.* at ¶ 5. Plaintiff alleges that she suffered "economic damages, damage to her reputation, physical and mental pain and suffering, due to intentional infliction of emotional distress" following her discharge. *Id.* at ¶¶ 6, 10. Plaintiff further alleges she is entitled to punitive damages. *Id.* at ¶ 11.

The Complaint was filed in Lawrence County Circuit Court and then removed by Defendant, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. This Court sustained the removal.

TRMC seeks Dismissal of all claims alleged herein, pursuant to Fed.R.Civ.Proc. 12(b)(6).

## II.

In scrutinizing a complaint under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells,* 506 F.3d 422, 426 (6th Cir.2007). A complaint need not contain "detailed factual allegations". However, it must allege more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (*quoting Iqbal*, 129 S.Ct. at 1949).

## III.

Under the ADEA and the KCRA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); K.R.S. § 344.040(1) and (2).

The Kentucky Civil Rights Act's discrimination provisions "track [ ] federal law and should be interpreted consonant with federal interpretation." *Gragg v. Somerset Technical College*, 373 F.3d 763 (6th Cir.2004) (*citing Meyers v. Chapman Printing Co.*, 840 S.W.2d 814 (Ky.1992)). Accordingly, claims brought pursuant to the Kentucky statute analyzed under the same standards as federal claims brought under the ADEA.

The burden of persuasion is on the plaintiff to show that "age was the 'but-for' cause of the employer's adverse action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). A plaintiff "may establish a violation of the ADEA by either direct or circumstantial evidence." *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir.2009). Where the plaintiff fails to present direct evidence of age discrimination, the claim is analyzed using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas* and its progeny, once the plaintiff succeeds in

making out a prima facie case of age discrimination, the defendant must "articulate some legitimate, nondiscriminatory reason" for the termination. Id. at 802, 93 S.Ct. 1817. "If the defendant meets this burden, then the burden of production shifts back to the plaintiff to demonstrate that the proffered reason is a pretext." *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 615 (6th Cir.2003).

A *prima facie* case of age discrimination has four elements "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination."*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

TRMC argues that Plaintiff has not adequately alleged these elements. The Court disagrees. Although the Complaint, which includes by reference the Charge of Discrimination, is short on detail and lacking in the common argot of discrimination, Plaintiff clearly alleges that "younger" employees were not discharged for the conduct which formed the alleged basis for her termination. In other words, age was a factor in her termination.

TRMC cites *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988) is support of its contention that Plaintiff's has not stated a claim for age discrimination. In Scheid, the plaintiff brought a complaint for wrongful termination based on age discrimination. *Id. at 437*. The plaintiff failed to allege "any facts in support of the fourth material element", to-wit, "that she was replaced by a younger person or the age was a factor in her termination" *Id.* Rather, she merely alleged that she was wrongfully discharged in violation of the statute. *Id.* There the court held, "[s]uch unsupported assertions of legal conclusions are insufficient." *Id.*

TRMC maintains that Plaintiff's claim are the of the same bare and conclusory ilk as those in *Scheid* and argues that she "has not made a single allegation linking her termination to her age shoeing that similarly situated employees outside her protected class were treated more favorably." [Defendant's Motion to Dismiss, Docket No. 7-1, pg. 4].

Defendant overlooks what Plaintiff clearly stated in her Charge of Discrimination: Plaintiff was 56 years old in a protected age class by definition of law. She was employed and discharged by the Defendant on October 21, 2015. Two months prior to the discharge the Plaintiff was approached by the office manager Glenna Crum and asked to resign. Dr. Fletcher has accused the Plaintiff of administering a medical procedure without authority as a reason for the discharge two months later. Plaintiff denies the truth of this statement. There was no opportunity for progressive discipline. Other younger employees were not treated like the Plaintiff. In the context of Rule 12(b)(6), these allegations must be accepted as true. In this light, Plaintiff states a claim for age discrimination, barely, but enough to overcome a dispositive motion at this juncture of the litigation.

The Court is mindful that "plausibility" is not equivalent to "probability." The thornier issue of success at trial is not before this Court.

### IV.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Three Rivers Medical Clinic, Inc.'s Motion to Dismiss [Docket No. 7] be **OVERRULED**.

This 6th day of February, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**